

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00316-CV

_____

EX PARTE J.M.

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-E-19509-23

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

The underlying suit involves an expunction proceeding. Appellant J.M. attempts to appeal from the trial court's refusal to dismiss the State's answer and general denial in J.M's pending expunction proceeding in the trial court.

On August 31, 2023, we notified Appellant of our concern that we lack jurisdiction over this appeal because there did not appear to be a final judgment or an appealable interlocutory order. We stated that unless Appellant or any party desiring to continue the appeal filed with the court, on or before September 11, 2023, a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We received a response, but it does not show grounds for continuing the appeal.

This court has jurisdiction over appeals only from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Here, we have not received a final judgment pertaining to the expunction, and the Texas Legislature has not specified that a denial of a motion to dismiss an answer and general denial in an expunction case is immediately appealable. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(11)–(12) (specifying appealability of an interlocutory order denying a motion to dismiss filed under Section 90.007, involving a failure to file an expert

report in an asbestos-related or silica-related case, or under Section 27.003, involving a claim under the Texas Citizens Participation Act).

Accordingly, because there is no final judgment or appealable interlocutory order, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  September 28, 2023